Filed 6/2/15  Marriage of McKarus CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of GLORIA and DOUGLAS MCKARUS. | 2d Civil No. B255115 (Super. Ct. No. D306551) (Ventura County) |
| GLORIA LYNN MCKARUS,<br><br>    Respondent,<br><br>v.<br><br>DOUGLAS MCKARUS,<br><br>    Appellant. | |

Douglas McKarus appeals a denial of his motion to terminate his obligation to pay spousal support to Gloria Lynn McKarus.  He contends the trial court abused its discretion when it determined that his monthly income includes $4,900 in principal payments that he receives each month from annuity policies.  We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

After 16 years of marriage, Gloria and Douglas separated in 2004.[1]  They had two teenage children who are now adults.  The only issue on appeal is spousal support.

---

[1] We shall refer to Gloria and Douglas McKarus by their first names not from disrespect, but to ease the reader's task.

Gloria was 44 years old when the parties separated. She had not worked outside the home. She was not a high school graduate. Douglas was 59 years old and was a retired attorney. Douglas had "significant funds" in annuities and deferred compensation accounts.

In 2004, the trial court admonished the parties to become self-sufficient. Douglas returned to work.

In 2006, the trial court ordered Douglas to pay Gloria $3,500 in spousal support each month. It based the 2006 order on a determination that Douglas's employment income was $5,806 per month and that his other taxable income, actual and imputed, was $14,926 per month. Douglas had two annuities, which were "the keystone of his long-range investment strategy and retirement plan. His plan, prior to separation, was to 'amortize' these policies when he turned 65 in order to maximize the income from them." He had not amortized them, but the court imputed $10,350 per month income from the annuity policies. The court imputed $2,000 per month income to Gloria. It found she did not report her actual income to the court and did not comply with the trial court's admonition to become self-supporting. Douglas paid support as ordered.

In 2013, Douglas was age 68 and retired. He asked the trial court to terminate his obligation to pay spousal support. The court conducted an evidentiary hearing.

The trial court denied Douglas's motion, but it reduced his obligation to pay spousal support to $2,000 per month. It also ordered that support would terminate in December 2015. The court determined that Douglas's monthly income was $17,858, including the monthly payments he received from two annuities. These annuity payments included $10,350 in interest income and $4,900 in principal payments. On appeal, Douglas contends the court should not have included the $4,900 principal payments.

2

DISCUSSION

The trial court may modify a spousal support order when there is a material change of circumstances. (Fam. Code, § 3651.) Douglas's retirement constituted a material change of circumstances.

Whether a modification of a spousal support order is warranted depends upon the facts and circumstances of each case. We will not disturb the trial court's determination unless an abuse of discretion is shown. (*In re Marriage of Olson* (1993) 14 Cal.App.4th 1, 7.) The trial court abuses its discretion if, considering all the relevant circumstances, the court has exceeded the bounds of reason or it can fairly be said that no judge would reasonably make the same order under the same circumstances. (*Ibid.*)

In determining the amount of support, the trial court was required to consider the supporting spouse's ability to pay in light of "earned and unearned income." (Fam. Code, § 4320, subd. (c).) Douglas receives monthly income that includes both interest income ($10,350) and principal payments ($4,900) from annuities. "The existence and not the source of sums of money . . . is the relevant factor." (*In re Marriage of Olson*, *supra*, 14 Cal.App.4th 1, 10.)

A court may consider investment income in assessing a party's ability to pay support, and Douglas does not challenge the trial court's decision to consider the $10,350 interest income payments. (*In re Marriage of Reynolds* (1998) 63 Cal.App.4th 1373, 1380.) But Douglas contends it is unfair to include the $4,900 in principal payments because he could have protected that separate property principle by investing it differently. He points out that his investment in annuities maximized interest income, to Gloria's benefit.

That may be true, but the trial court's decision to include the principle payments was well within its discretion. Trial courts have broad discretion to include, exclude, or partially include retirement plan contributions, earnings, and accruals that are not withdrawn as income available for determining the amount to be ordered for spousal support. (*In re Marriage of Olson*, *supra*, 14 Cal.App.4th 1, 3, 13.) The discretion to include principle that is not withdrawn is limited only if the supporting spouse has not

3

reached retirement age (59 1/2).  In such case, the withdrawal would be subject to a tax penalty.  (*Id.* at p. 13.)  Douglas, however, is 70 years old.

DISPOSITION

The order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

GILBERT, P.J.

We concur:

YEGAN, J.

PERREN, J.

4

Mark S. Borrell, Judge

Superior Court County of Ventura

_____

Roni Keller for Appellant.

Gloria McKarus, in pro. per., for Respondent.